IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LOUISE ANN PECK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHELLE KING, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No. 24-cv-03074-MDH |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Social Security Disability Benefits. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and the decision is **AFFIRMED**.

## BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the parties' briefs, so they are not repeated here. The ALJ found Plaintiff suffered from severe impairments of fibromyalgia, status post carpel tunnel surgery and trigger finger release surgery, lumbar degenerative disc disease, and sensorineural hearing loss. After finding Plaintiff's impairments did not meet or equal a listed impairment, the ALJ determined that Plaintiff retained the following residual functional capacity ("RFC"):

> to perform perform light work as defined in 20 CFR 404.1567(b) except for the following restrictions: She can lift and or carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for 6 hours and stand and or/walk for 6 hours in an 8-hour workday. She can frequently stoop, kneel, crouch, crawl and climb ramps and stairs, but can only occasionally climb ladders, ropes, and scaffolds. The claimant must avoid concentrated exposure to extreme cold and can

1

have no exposure to loud noises (which is defined as above Level III per the Selected Characteristics of Occupations (SCO).

The ALJ found Plaintiff was able to perform her past relevant work as a medical records technician and insurance clerk. Plaintiff argues on appeal that the ALJ's decision is not supported by substantial evidence in the record.

**STANDARD**

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" *Id.* at 1154. "It means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after

2

Case 6:24-cv-03074-MDH    Document 9    Filed 02/18/25    Page 2 of 4

review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007).

## DISCUSSION

After full and careful review of the record and briefs, the Court finds the ALJ's findings are supported by substantial evidence in the record as a whole.

First, the Court has thoroughly reviewed the administrative record before the Court, including the medical records, hearing testimony, and the ALJ's opinion. The Court finds that the ALJ's determination is supported by substantial evidence in the record as a whole and was within the available "zone of choice." The ALJ provided a lengthy analysis of the medical opinion evidence and properly addressed Plaintiff's limitations, in light of the medical records, work history, daily activities, and hearing testimony. The Court gives great deference to the ALJ's determination as it falls within an acceptable "zone of choice" of the finder of fact.

Further, the Court finds the ALJ applied the appropriate legal framework in analyzing the record and evidence. The Court finds the ALJ's determination is supported by substantial evidence.

## CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence on the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated:  February 18, 2025                              */s/ Douglas Harpool*
                                                                           **DOUGLAS HARPOOL**
                                                                           **UNITED STATES DISTRICT JUDGE**